UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JAR 259 FOOD CORP.,<br><br>　　　　　　　　　Debtor. | Case No. 22-40304 (JMM)<br><br>Chapter 11 |

## ORDER TO ENFORCE THE AUTOMATIC STAY
## PURSUANT TO SECTIONS 105 AND 362(a) OF THE BANKRUPTCY CODE

Upon consideration of the motion [ECF No. 35] (the "**Motion**")[1] filed by Jar 259 Food Corp., as the debtor and debtor-in-possession, (the "**Debtor**") requesting an Order to enforce the Automatic Stay pursuant to Sections 105 and 362(a) of the Bankruptcy Code; and upon consideration of the Declaration of Amandeep Singh dated March 11, 2022, submitted by the Debtor in support of the Motion; and upon this Court's Order to Show Cause [ECF No. 37]; and upon the declaration and response filed on behalf of Panthers Capital, LLC [ECF Nos. 41, 42]; and upon the record of the March 16, 2022 hearing on the Motion; and after due deliberation thereon, and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1.　　The Motion is GRANTED to the extent set forth herein.

2.　　Panthers Capital, LLC ("**Panthers**"), Benjamin Isaacov ("**Isaacov**"), Tiger Capital Group LLC ("**Tiger**"), and Legacy Capital 26, LLC ("**Legacy**") (together with Panthers, Isaacov, and Tiger, collectively the "**Defendants**") as well as all agents of the Defendants are hereby directed to cease all efforts and acts to collect on claims owed by the Debtor that arose before the Petition Date, including acts which are intended to harass and/or threaten the Debtor, the Debtor's officers and their families, and shall observe and comply with all of the requirements of the

---

[1] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion.

-2-

Automatic Stay as set forth in section 362(a) of the Bankruptcy Code. This Order is not meant to prohibit the Defendants from continuing any pending litigation against Amandeep Singh or the Debtor's officers or initiating any litigation against Amandeep Singh or the Debtor's officers.

3. The Defendants, and any and all agents thereof, are further prohibited from initiating any further contact with the Debtor, Amandeep Singh and his family members, or any past or present employees of the Debtor (each a "**Protected Person**") and shall remain at least 100 yards away from the Debtor's Store and Amandeep Singh's family residence. This Order does not prohibit Defendants or their agents from communicating with a Protected Person regarding obligations of entities, other than the Debtor, owned by a Protected Person subject to all of the following conditions:

   a. The Protected Person is not represented by counsel;

   b. The Protected Person is the principal or manager of the entity that is the obligor on the indebtedness owed to one or more of the Defendants;

   c. The communication is in writing that is delivered by the United States Postal Service, overnight carrier, or email (texts, instant messages, posts or messages on social media, by-hand deliveries, phone calls or voicemails are not permitted);

   d. A copy of the writing is delivered to:

      Heidi J. Sorvino, Esq (sorvinoh@whiteandwilliams.com)
      James C. Vandermark, Esq. (vandermarkj@whiteandwilliams.com)
      Andrew E. Arthur, Esq (arthura@whiteandwilliams.com)
      WHITE AND WILLIAMS LLP
      7 Times Square, Suite 2900
      New York, NY  10036;

      so as to be received contemporaneously with, or prior to, delivery to the Protected Person; and

e. The communication is intended solely for legitimate business purposes, conforms to customary standards of civility for business communications, and is not harassing or threatening or intended to harass or threaten.

4. The Reservation of Rights as set forth in the Motion are approved. Further, this Order is without prejudice to any right of the Debtor, Amandeep Singh, or any other individual to assert any cause of action or other claim, including claims related to violations of the Automatic Stay, and to seek damages and other relief thereunder against the Defendants.

5. This Court ~~shall~~ **may (JMM)** retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.



Dated: Brooklyn, New York
March 17, 2022

_____
**Jil Mazer-Marino**
**United States Bankruptcy Judge**