**<u>Exhibit B</u>**
(Stay Violation Notice)



**James C. Vandermark**

7 Times Square | Suite 2900 | New York, NY 10036-6524
Direct 646-837-5791 | Fax 215.789.7627
vandermarkj@whiteandwilliams.com | www.whiteandwilliams.com

March 3, 2022

By FedEx and Email
Wynwood Capital Group
c/o Sam Gross
20200 W Dixie Hwy,
Miami, FL 33180
sam@wynwoodcapitalgroup.com

RE:   *In re Jar 259 Food Corp.* (Bankr. E.D.N.Y. Case No. 22-40304) (the "**Bankruptcy Case**")

To Whom It May Concern:

I represent Jar 259 Food Corp. (the "**Debtor**") in the above-referenced Bankruptcy Case. On February 18, 2022 (the "**Petition Date**"), the Debtor ceased operating and filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**").  On or about February 21, 2022, the Bankruptcy Court provided you with notice of the Bankruptcy Case.

Your attention is directed to sections 541 and 362 of the Bankruptcy Code.  Pursuant to section 541, the filing of a petition under the Bankruptcy Code creates an estate, which is comprised of all of the debtor's property wherever located and by whomever held.  *See* 11 U.S.C. § 541.  Pursuant to section 362(a), an automatic stay went into effect on the Petition Date, prohibiting a variety of actions to collect a prepetition debt against the Debtor or to otherwise interfere with the Debtor's estate.

Absent relief from the automatic stay under section 362 of the Bankruptcy Code, actions in violation of the automatic stay, including any act to exercise control over property of the estate, are "void ab initio."  *Maritime Elec. Co., Inv. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991).  Moreover, pursuant to established case law, parties may be held in contempt of court for violating the automatic stay and, furthermore, may be liable for costs and attorneys' fees for any such violations.  *See Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976).

Prior to the Petition Date, the Debtor maintained accounts at certain banks, including a business account with Bank of America with an account number ending in 1101 (the "**BOA**

*In re Jar 259 Food Corp.*
Case No. 22-40304
March 3, 2022
Page 2

**Account**").  On March 3, 2022, the Debtor learned that Wynwood Capital Group had withdrawn from the BOA Account approximately $3,500.00 (the "**BOA Funds**") after the Petition Date, consisting of the following withdrawals:

| Date | Withdrawing Party | Status | Amount |
|------|-------------------|--------|--------|
| 2/23/2022 | Wynwood Capital | Completed | $500.00 |
| 2/24/2022 | Wynwood Capital | Completed | $500.00 |
| 2/25/2022 | Wynwood Capital | Completed | $500.00 |
| 2/28/2022 | Wynwood Capital | Completed | $500.00 |
| 3/01/2022 | Wynwood Capital | Completed | $500.00 |
| 3/02/2022 | Wynwood Capital | Completed | $500.00 |
| 3/03/2022 | Wynwood Capital | Processing | $500.00 |
|  |  | **TOTAL** | **$3,500.00** |

Please be advised that the withdrawal of the BOA Funds after the Petition Date is a violation of the automatic stay provided by section 362(a) of the Bankruptcy Code.  Moreover, the amounts taken from the BOA Account must be turned over to the Debtor.  The failure to turn over the BOA Funds to the Debtor is a continuing violation of the automatic stay under 362(a) of the Bankruptcy Code and may be a violation of the mandatory requirements under Section 542 of the Bankruptcy Code.  You may deliver the BOA Funds to the Debtor at the following address or as otherwise agreed to by the Debtor's counsel:

Jar 259 Food Corp.
c/o Heidi J. Sorvino, Esq.
WHITE AND WILLIAMS LLP
7 Times Square, Suite 2900
New York, NY 10036

Please provide confirmation by **March 8, 2022** via email to Debtor's counsel at vandermarkj@whiteandwilliams.com that Wynwood Capital Group will return the BOA Funds to the Debtor as set forth above.  Otherwise, the Debtor, through its counsel, will file an action to, among other things, compel the turnover of the BOA Funds and seek damages for violation of the automatic stay.

Please do not hesitate to contact me should you have further questions regarding this matter.

Respectfully,

WHITE AND WILLIAMS LLP

James C. Vandermark

*In re Jar 259 Food Corp.*
Case No. 22-40304
March 3, 2022
Page 3

cc:     Heidi J. Sorvino, Esq. (via email)