

**Heidi J. Sorvino**

7 Times Square | Suite 2900 | New York, NY 10036-6524
Direct 212-631-4417 | Fax 212-631-1249
sorvinoh@whiteandwilliams.com | www.whiteandwilliams.com

April 22, 2022

**By ECF**
Honorable Jil Mazer-Marino
United States Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein U.S. Courthouse
271-C Cadman Plaza East, Suite 1595
Brooklyn, New York 11201-1800

RE:  *In re Jar 259 Food Corp.* (Bankr. E.D.N.Y. Case No. 22-40304)

Dear Judge Mazer-Marino:

      My firm is proposed counsel to represent Jar 259 Food Corp. (the "**Debtor**") in the above-referenced Bankruptcy Case.  I write in response to the letter [ECF No. 69] (the "**Letter**") submitted to this Court by counsel for The LCF Group, Inc. a/k/a Last Chance Funding Group, Inc. ("**LCF**"), which mischaracterizes and omits facts relevant to the disputes between the parties.  As this Court knows, on February 18, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**").

      After the Petition Date, the Debtor has engaged in a process of winding down its business and intends to propose a plan within the time frame provided by 11 U.S.C. § 1189(b).  It is anticipated that any proposed plan will provide for claims and causes of actions arising from usurious loans made by merchant cash advance companies ("**MCA Companies**").  To that end, the Debtor has already begun to pursue such claims by initiating adversary proceedings against the MCA Companies, including the action against LCF which was docketed as adversary proceeding number 22-01021 (the "**Adversary Proceeding**").

      On March 24, 2022, LCF filed an *ex parte* application [ECF No. 49] (the "**Application**") requesting authority to issue subpoenas pursuant to Bankruptcy Rule 2004.  The purported purpose of the discovery sought by LCF was to discover "the Debtor's true financial condition" and "transactions with Affiliates".  *See* Application, ¶¶ 25 and 38.  On March 28, 2022, an Order was entered granting the Application subject to objections by the Debtor under Rule 45 of the Federal Rules of Civil Procedure.  On March 29, 2022, at 5:51 p.m. (ET), counsel for LCF

*In re Jar 259 Food Corp.*
Case No. 22-40304
April 22, 2022
Page 2

emailed Debtor's counsel with copies of two subpoenas (the "**Subpoenas**") seeking thousands of pages of documents and financial records going back over five (5) years and demanded the Debtor produce such records by 4:00 p.m. on April 7, 2022 – less than the ten (10) days' notice that LCF stated it would provide. *See* Application, ¶ 43.

On April 7, 2022, the Debtor served objections (the "**Objections**") to the Subpoenas on LCF, which was within the time permitted by Rule 45 of the Federal Rules of Civil Procedure. The Objections specifically opposed the Subpoenas because the discovery requests by LCF were improper as: (i) the requests sought information relating to the disputes in the Adversary Proceeding, and (ii) the requests were being used to gain information beneficial to LCF's state court proceedings against non-debtor entities.

Counsel for the Debtor and LCF did participate in a call on April 8, 2022; however, LCF mischaracterizes the substance of that call in its Letter. Debtor's counsel reiterated it's objections to the Subpoenas and LCF's counsel reiterated its demand for the documents sought by the Subpoenas. There was no agreement to "limit the time frame under the Rule 2004 Order".

The Debtor maintains LCF lacks a legitimate purpose for seeking the documents sought by the Subpoenas and finds LCF's purported reasons for discovery under Rule 2004 to be suspect in light of the anticipated Adversary Proceeding and state court proceedings against non-debtor affiliates. LCF's requests for five (5) yeas of financial records is more likely to be used for those proceedings than the purposes asserted in LCF's Application.

Despite the Debtor's reservations over LCF's true intentions, Debtor's counsel is willing to meet and confer regarding the discovery disputes with the involvement of Yann Geron (the "**Subchapter V Trustee**"). It is my understanding that LCF's counsel simply sent an email on April 18, 2022, demanding to meet and confer. LCF did not follow up on their request and the Subchapter V Trustee did not get an opportunity to respond to LCF's demand before LCF filed its Letter with this Court. At the status conference on April 13, 2022 (not April 12, 2022 as asserted in the Letter), I made clear that the Debtor's counsel was willing to meet with LCF's counsel and the Subchapter V Trustee to discuss the discovery disputes and we remain available to do so.

             Respectfully,

             WHITE AND WILLIAMS LLP

             Heidi J. Sorvino

cc:  Joseph Maniscalco, Esq. (via email)
    Yan Geron, Esq. (via email)

28800158v.2