**Hearing Date: June 29, 2022, at 10:00 a.m.**
**Objection Deadline: June 22, 2022**

**WHITE AND WILLIAMS LLP**
Heidi J. Sorvino, Esq.
Andrew E. Arthur, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
sorvinoh@whiteandwilliams.com
arthura@whiteandwilliams.com

*Proposed Counsel for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| JAR 259 FOOD CORP., | Case No. 22-40304 (JMM) |
| Debtor. | |

**NOTICE OF HEARING ON MOTION OF THE DEBTOR TO COMPEL TURNOVER OF THE DEBTOR'S ESTATE PROPERTY FROM CITIBANK, N.A.**

**PLEASE TAKE NOTICE** that, on **June 29, 2022, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, a hearing ("**Hearing**") will be conducted before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, Eastern District of New York, on the motion ("**Motion**") of the Jar 259 Food Corp. (the "**Debtor**"), by its undersigned counsel, seeking enter of an Order: (I) pursuant to sections 105 and 542 of the Bankruptcy Code of Title 11 of the United States Code ("**Bankruptcy Code**"), compelling Citibank to turn over the Debtor's Funds; and (II) granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing will be conducted by Zoom for Government®. Any party that wishes to participate at the Hearing must register with eCourt Appearances two days in advance of the Hearing. Instructions and the link to register using eCourt

28899326v.1

Appearances may be found here: https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. See Judge Mazer-Marino's chambers page on the Court website for further information at: https://www.nyeb.uscourts.gov/content/judge-jil-mazer-marino.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Bankruptcy Court no later than June 22, 2022, as follows: (I) through the Court's CM/ECF system, which may be accessed through the internet at the Court's website at https://www.nyeb.uscourts.gov/ and in portable document format (PDF); or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. Copies of any objections should also be served upon White and Williams LLP, counsel for Jar 259 Food Corp., Attn: Heidi J. Sorvino, Esq. and Andrew E. Arthur, 7 Times Sq., Suite 2900, New York, NY 100036.

Dated:   May 18, 2022                              WHITE AND WILLIAMS LLP

                                                                                                          */s/ Andrew E. Arthur*
                                                                                                          Heidi J. Sorvino, Esq.
Andrew E. Arthur, Esq.
7 Times Sq., Suite 2900
New York, NY 100036
sorvinoh@whiteandwilliams.com
arthura@whiteandwilliams.com

*Proposed Counsel to Debtor and Debtor-in-Possession*

                                                                        **Hearing Date: June 29, 2022, at 10:00 a.m.**
                                                                              **Objection Deadline: June 22, 2022**

**WHITE AND WILLIAMS LLP**
Heidi J. Sorvino, Esq.
Andrew E. Arthur, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
sorvinoh@whiteandwilliams.com
arthura@whiteandwilliams.com

*Proposed Counsel for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| JAR 259 FOOD CORP., | Case No. 22-40304 (JMM) |
| Debtor. | |

### MOTION OF THE DEBTOR TO COMPEL
### TURNOVER OF THE DEBTOR'S ESTATE PROPERTY FROM CITIBANK, N.A.

Jar 259 Food Corp., as debtor and debtor-in-possession, (the "**Debtor**") hereby submits this motion (the "**Motion**") pursuant to Sections 105 and 542 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an Order (the "**Proposed Order**") substantially in the form submitted herewith as **Exhibit A**, which compels the Citibank N.A. ("**Citibank**") to turn over all funds (the "**Debtor's Funds**") in Debtor's accounts with Citibank (the "**Citibank Accounts**") to the Debtor Bankruptcy estate (the "**Debtor's Estate**").

### PRELIMINARY STATEMENT

1.      The Debtor's Citibank Accounts have been restrained despite the Debtor's multiple attempts—through mail, phone calls, and visits to the local Citibank—to request turnover of the

Debtor's Funds. Pursuant to sections 105 and 542 of the Bankruptcy Code, the Debtor respectfully requests this Court enter an Order compelling Citibank to turn over the Debtor's Funds and grant such other and further relief as this Court deems appropriate. In support of the relief requested, the Debtor relies upon the Declaration of Amandeep Singh (the "**Singh Declaration**") submitted with this Motion.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105 and 542 and CPLR §§ 5001-5004.

## BACKGROUND

4. On February 18, 2022 (the "**Petition Date**"), the Debtor ceased operating and filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**"). Singh Declaration, ¶ 2.

5. Prior to the Petition Date, the Debtor maintained the Citibank Accounts, which became restrained by request of certain merchant cash advance creditors (the "**MCA Creditors**"). Singh Declaration, ¶ 4.

6. On March 21, 2022, the Debtor sent a letter to Citibank informing them of their violation of the automatic stay pursuant to section 362 of the Bankruptcy Code (the "**Stay Violation Letter**"). Singh Declaration, ¶ 5. A true and correct copy of the Stay Violation Letter is attached hereto as **Exhibit B**. In the Stay Violation Letter, the Debtor requested that the Debtor's

Citibank Accounts be released, and the Debtor's Funds be returned to the Debtor's Estate. Singh Declaration, ¶ 5.

7. From the Petition Date to the present, the Debtor made multiple attempts via telephone and in person to request the Debtor's Funds be returned to the Debtor's estate, but Citibank continuously ignored the Debtor's requests. Singh Declaration, ¶ 6.

8. As of May 13, 2022, the Citibank Accounts are still restrained; thus, the Debtor is unable to ascertain the exact amount existing in the Citibank Accounts. Singh Declaration, ¶ 4.

9. Because the Citibank Accounts are still restrained, the Debtor is unable to transfer the Debtor's Funds to the debtor-in-possession account (the "**DIP Account**") for the benefit of the Debtor's estate and the Debtor's creditors. *See* Singh Declaration, ¶ 6.

## BASIS FOR RELIEF REQUESTED

10. Section 541 of the Bankruptcy Code defines property of the estate broadly to include all "interests of the debtor in property" "wherever located and by whomever held." 11 U.S.C. § 541(a); *see also U.S. v. Whiting Pools, Inc.*, 674 F.2d 144, 150 (2d Cir. 1982). The Bankruptcy Code provides various tools to marshal the assets of an estate for the benefit of the estate's creditors. One such tool is turnover, pursuant to 11 U.S.C. § 542; *See also Geron v. Peebler (In re Pali Holdings, Inc.)*, 488 B.R. 841, 851 (Bankr. S.D.N.Y. 2013). The essence of a turnover action is to bring "the estate's property" by invoking "the court's most basic equitable powers to gather and manage property of the estate." *Id; Whiting Pools,* 674 F.2d at 152 (the legislative history of Section 542 "compels a broad view of [Section] 542 turnover power.").

11. Section 542(a) provides that an entity in possession, custody, or control of estate property "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." The party seeking

3

turnover of estate property must show: "(1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of [Section] 363 [of the Bankruptcy Code]; and (3) the property has more than inconsequential value to the debtor's estate." *Kramer v. Mahia (In re Khan)*, No. 10-46901, 2014 Bankr. LEXIS 4205, at *19 (E.D.N.Y. Dec. 24, 2014) (*quoting Zazzali v. Minert (In re DBSI, Inc.)*, 468 B.R. 663, 669 (Bankr. D. Del. 2011)).

12. The Debtor is able to satisfy all three of the requirements for turnover pursuant to Section 542 of the Bankruptcy Code. First, Citibank is in custody of the Debtor's Funds, and the Debtor is unable to have access to the Funds because the Debtor's Citibank Accounts are still restrained. Despite the Debtor's prior requests via telephone, in person, and the Stay Violation Letter, Citibank has ignored all requests to turn over the Debtor's Funds to the Debtor's Estate. As such, the Debtor's Funds remain in the possession of Citibank. Second, the Debtor's Funds are property of the estate which the Debtor and the Chapter 11 Trustee may use in accord with Section 363 of the Bankruptcy Code. Finally, the Debtor's Funds are believed to exceed $300,000.00[1] and are necessary to wind down the Debtor's business and maximize the value of the bankruptcy estate for the benefit of all interested parties.

## NO PRIOR REQUESTS

13. No previous request for the relief sought herein has been made to the Bankruptcy Court.

## NOTICE

14. Notice of the Motion will be given to the following parties, or, in lieu thereof, their counsel: (a) the Office of the U.S. Trustee for the Eastern District of New York, (b) Citibank, N.A.,

---

[1] The Debtor is unable to ascertain the exact amount of the Debtor's Funds because the Citibank Accounts remain restrained to this day.

4

and (c) all parties requesting service through the Court's CM ECF system. The Debtor submits that, in light of the nature of the relief requested, such service shall constitute good and sufficient notice thereof, and no further notice with respect to the relief requested in the Motion shall be required.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A (i) compelling Citibank, N.A. to turn over the Debtor's Funds, (ii) provide an accounting reflecting all transactions involving the Debtor's Accounts since the Petition Date, and (iii) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: New York, New York<br>May 18, 2022 | WHITE AND WILLIAMS LLP<br><br> */s/ Heidi J. Sorvino*<br>Heidi J. Sorvino<br>Andrew E. Arthur<br>7 Times Sq., Suite 2900<br>New York, NY 100036<br>sorvinoh@whiteandwilliams.com<br>arthura@whiteandwilliams.com<br><br>*Proposed Counsel to Debtor and Debtor-in-Possession* |