UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
In re:

       JAR 259 FOOD CORP.,

          Debtor.

--------------------------------------------------------------X

Chapter 11

Case No. 1-22-40304-jmm

## ORDER DIRECTING TURNOVER
## OF DOCUMENTS AND GRANTING RELATED RELIEF

Upon the application of The LCF Group, Inc. a/k/a Last Chance Funding Group, Inc. ("LCF"), by its counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order: (I) authorizing LCF to commence litigation as representatives of the estate of Jar 259 Food Corp. ("Debtor") to recover fraudulent conveyances and claims of breach of fiduciary duty against the Debtor's defendants known as, at least, (i) A&S Vegetables Inc., (ii) AnS Vegetable, Inc., (ii) Ameet Food Inc., (iii) 3350 Kaur Farms Inc., (iv) Kaur Farms Inc., (v) OM Vegetable Inc., (vi) OM Liquor Inc., and (vii) Ameet Properties LLC, and others (collectively, "Affiliates") and the principals Amandeep Singh and his wife, Kuljit Kaur ("Principals"), (collectively, "Proposed Defendants"), together with John Doe "1" through "20", Jane Doe "1" through "20", John Doe Corporations "1" through "20", Other John Doe Entities "1" through "20", along with any professional, attorney, accountant, or any other fictitious entity that received any part of the transfers of property of the estate, or is holding property of the estate (collectively, "Unnamed Defendants"), and preventing the proposed Defendants and Unnamed Defendants from transferring, hypothecating, encumbering or otherwise disposing of certain assets identified herein; and (II) scheduling a hearing on shortened notice to consider the  request for: (a) a temporary restraining order and preliminary injunction preventing the Proposed Defendants and the Unnamed

Defendants from transferring, hypothecating, encumbering or otherwise disposing of property of the Debtor's bankruptcy estate; (b) an Order directing the Proposed Defendants to immediately turn over to LCF all documents, information, and a reconciliation of all assets conveyed to them by the Debtor and/or held by them for or on behalf of the Debtor; and (c) an Order directing the turnover of property of the Debtor's estate ("Application") [Dkt. No. 138]; and upon the Order Scheduling a Hearing on Shortened Notice ("OSH") [Dkt. No. 140]; and upon the Affirmation of Jsoeph S. Maniscalco, Esq., in Further Support of the Relief Requested in the Application [Dkt. No. 144]; upon the Memorandum Of Law in Support of the Relief Requested in the Application [Dkt. No. 145]; and upon the Affirmation Pursuant to Local Bankruptcy Rule 9077-1 [Dkt. No. 146]; and upon the Joinder of Propulsion Funding LLC [Dkt. No. 142]; and upon the Statement in Support from Cobalt Funding Solutions [Dkt. No.148]; and upon the Debtor's Objection to the Relief Sought in the Application ("Objection") [Dkt. No. 150]; and upon the Declaration of Heidi J. Sorvino, Esq., in Support of the Debtor's Objection [Dkt. No. 152]; and upon the Declaration of Amandeep Singh in Support of the Debtor's Objection [Dkt. No. 154]; **and upon the Order Granting Injunctive Relief, Directing Turnover of Documents and Granting Related Relief dated August 25, 2022 [Dkt. No. 155] (JMM)**; and upon the supplemental affirmation of Joseph S. Maniscalco, Esq. filed on August 30, 2022 [Dkt. No. 158]; and upon the hearing conducted on August 31, 2022 ("Hearing"), the transcript of which is incorporated herein by reference; and upon the appearance at the Hearing for LCF by Joseph S. Maniscalco, Esq., and Melanie A. FitzGerald, Esq., from LaMonica Herbst & Maniscalco, LLP; and upon the appearance at the Hearing for the Debtor by James C. Vandermark, Esq., and Heidi Sorvino, Esq., from White and Williams LLP, and upon the appearance at the Hearing of Yann Geron, Esq., from Geron Legal Advisors LLC, the Subchapter V Trustee; and upon the appearance at the Hearing of Jeremy S. Sussman, Esq.,

for the Office of the United States Trustee; and upon the appearance at the Hearing of Jordan Weiss, Esq., of Meyer, Suozzi, English & Klein, P.C., counsel for NewBank; and upon the appearance at the Hearing of Fred B. Ringel, Esq., of Leech Tishman Robinson Brog PLLC, counsel for Propulsion Funding LLC; and upon the appearance at the Hearing of Anthony F. Giuliano, Esq., of Giuliano Law PC, counsel for Cobalt Funding Solutions; and upon the appearance at the Hearing of Jonathan Bodner, Esq., from Bodner Law PLLC, counsel for Key Food Stores Co-operative, Inc.; and upon the appearance at the Hearing of William Anspach, Esq., from Friedman & Anspach counsel for the Local 388 RWDSU/UFCW; and upon the appearance at the Hearing of Jeffrey H. Schervone, Esq., from the U.S. Small Business Administration; and after due deliberation and sufficient cause appearing, and after due deliberation, sufficient cause appearing thereof, and for the reasons stated by the Court at the Hearing;

       IT IS HEREBY:

       **ORDERED**, that the parents of Debtor's Principal Amandeep Singh, Narinder Ghara and Pritam Kaur, with an address at 46 Alling St., Hicksville, NY 11801 be and hereby are directed to turn over to LCF within three (3) business days of the ~~Hearing~~ **entry of this Order (JMM)**, copies of all documents reflecting deposits, withdrawals, wire transfers, and cancelled checks (front and back) for the bank account of Narinder Gahra at BCB Community bank identified as Account number xxxx0603, the bank account of Pritam Kaur at JP Morgan Chase bank identified as Account number xxxx1150 and xxxx9122 during the period September 1, 2021 to the present; and it is further

ORDERED, upon entry of this Order, LCF shall serve a copy via Overnight Mail on the Debtor's Principal's parents at the address listed herein. ~~; and, it is further~~ **(JMM)**



Dated: Brooklyn, New York
September 1, 2022

Jil Mazer-Marino
United States Bankruptcy Judge