UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

JAR 259 FOOD CORP.,

Debtor.

Chapter 11

Case No. 22-40304 (JMM)

## SUBCHAPTER V TRUSTEE'S INTERIM REPORT

Yann Geron, as Subchapter V Trustee in the above-captioned case, as and for his interim report to the Court pursuant to Section 1183 of the Bankruptcy Code, respectfully sets forth and represents:

1. Currently pending before this Court are several key motions which seek to determine the direction and probable disposition of this case:

- By order dated August 19, 2022 [DE 140], this Court scheduled a hearing on a motion to convert this case to Chapter 7 of the Bankruptcy Code. This order was entered in conjunction with an application of The LCF Group Inc., dated August 19, 2022 [DE 138], seeking various injunctive relief and conversion of this case.

- By application dated on or about September 6, 2022 [DE 165], the Debtor sought entry of an order pursuant to Bankruptcy Rule 9019 approving a settlement between the Debtor and Key Foods Stores Cooperative Inc.

- By application dated on or about September 12, 2022 [DE 168], Cobolt Funding Solutions sought an order (i) sustaining Cobolt's objection to the Debtor's Subchapter V Election and (ii) disqualifying Debtor from proceeding under Subchapter V.

- By application dated on or about March 3, 2022 [DE 27], the Debtor sought entry of an order approving the retention of White & Williams as its general bankruptcy counsel.

2. The above matters are currently scheduled for hearing on September 28, 2022. Various parties have filed pleadings in opposition or support of each of these motions. The parties have also engaged in significant colloque about these matters.

3.	Relatedly, the Debtor filed a proposed Subchapter V plan of reorganization which, in its current form, seeks to have the Debtor convey all estate avoidance claims into a post-confirmation trust with a trustee named by the debtor who will be required to hire White & Williams as the post-confirmation trustee's counsel in the prosecution of claims against the MCA's under a prefixed contingency fee of 40%.

4.	I was appointed Subchapter V Trustee in this case on February 2, 2022. Since my appointment, in addition to interviewing the Debtor and continuing to review the financial condition of the Debtor through its filings, I have also actively reviewed and analyzed the many factual and legal submissions of the parties in connection with the above-referenced key motions pending before the Court. I have also met with certain parties in this case in an effort to mediate disputes regarding discovery and the potential confirmation of the Debtor's chapter 11 plan.

5.	Several matters appear intractable, including (i) the Debtor's late disclosure of a significant loan obligation to the SBA and the Debtor's use of those proceeds; (ii) the Debtor's late disclosure of other key substantive information about pre-petition transfers and related-party transactions; (iii) the proposed terms of the post-confirmation trust under the current draft of the Debtor's chapter 11 plan; and (iv) the sourcing of payment to Debtor's proposed counsel and the scope of such counsel's engagement pre- and post-petition. Each of these issues, and all of them collectively, appear to call for careful review and action by a neutral party. The Court has so noted in a prior hearing, and several creditors have filed pleadings or shared communications pressing for the appointment of a neutral party.

*[Continued on following page]*

6. The Debtor is not operating and has not operated since the filing.

Dated: New York, New York
September 23, 2022

          *s/ Yann Geron*
          Yann Geron, Subchapter V Trustee
          c/o Geron Legal Advisors
          370 Lexington Avenue, Suite 1101
          New York, NY 10017
          (646) 560-3224