UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

       JAR 259 FOOD CORP.,

              Debtor.

-------------------------------------------------------------X

Chapter 11

Case No. 22-40304 (JMM)

## ORDER GRANTING MOTION TO CONVERT CASE TO CHAPTER 7

Upon the Notice of Hearing on the motion and the motion ("Motion") of The LCF Group, Inc. a/k/a Last Chance Funding Group, Inc. ("LCF"), by its counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order: (I) pursuant to sections 105(a) and 1112(b) of Title 11 of the United States Code ("Bankruptcy Code") and Rules 1017(f) and 9014 of the Federal Rules of Bankruptcy Procedure ( "Bankruptcy Rules"), converting the Debtor's case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code; and (II) granting such other and further relief as the Court deems just and proper [Dkt. No. 81] originally noticed for a hearing before the Court on June 8, 2022 ("Hearing"); and upon the Affidavit of Service of the Motion [Dkt. No. 82]; and upon the Affirmation in Support of the Motion filed by Anthony F. Giuliano, Esq., of Giuliano Law PC, counsel for Cobalt Funding Solutions ("Cobalt") [Dkt. No. 98]; and upon the Response of the Debtor filed by Andrew E. Arthur, Esq., from White and Williams LLP ("Response") [Dkt. No. 102]; and the Letter adjourning the Hearing on the Motion to June 29, 2022 ("Adjourned Hearing") [Dkt. No. 105]; and upon the Reply of LCF to the Response ("Reply") [Dkt. No.108]; and upon the Affirmation in Further Support of Cobalt [Dkt. No. 110]; and upon the Adjourned Hearing having been held on June 29, 2022 and having been further adjourned to August 11, 2022; and upon the Scheduling Order scheduling a hearing on the Motion for August 11, 2022 ("August Hearing") [Dkt. No. 111]; and upon the Order Setting Procedures

for In-Person, Video and Telephonic Participation at Evidentiary Hearing scheduling an evidentiary hearing on the Motion for August 11, 2022 ("Evidentiary Hearing") [Dkt. No. 125]; and upon LCF's Affirmation Pursuant to Local Bankruptcy Rule 9077-1 [Dkt. No. 146]; and upon LCF's Supplemental Affirmation Pursuant to Local Bankruptcy Rule 9077-1 [Dkt. No. 158-12]; and the Evidentiary Hearing having been adjourned to September 28, 2022 ("September Evidentiary Hearing"); and upon the appearance at the September Evidentiary Hearing for LCF by Joseph S. Maniscalco, Esq., and Melanie A. FitzGerald, Esq., from LaMonica Herbst & Maniscalco, LLP; and upon the appearance at the Hearing for the Debtor by James C. Vandermark, Esq., Shane R. Heskin, Esq., and Heidi Sorvino, Esq., from White and Williams LLP, and upon the appearance at the Hearing of Amandeep Singh for the Debtor; and upon the appearance at the Hearing of Yann Geron, Esq., from Geron Legal Advisors LLC, the Subchapter V Trustee; and upon the appearance at the Hearing of Jeremy S. Sussman, Esq., for the Office of the United States Trustee; and upon the appearance at the Hearing of Edward J. LoBello, Esq., of Meyer, Suozzi, English & Klein, P.C., counsel for NewBank; and upon the appearance at the Hearing of Fred B. Ringel, Esq., of Leech Tishman Robinson Brog PLLC, counsel for Propulsion Funding LLC; and upon the appearance at the Hearing of Anthony F. Giuliano, Esq., of Giuliano Law PC, counsel for Cobalt Funding Solutions; and upon the appearance at the Hearing of Jonathan S. Bodner, Esq., from Bodner Law PLLC, counsel for Key Food Stores Co-operative, Inc.; and upon the appearance at the Hearing of William Anspach, Esq., from Friedman & Anspach counsel for the Local 388 RWDSU/UFCW; and upon the appearance at the Hearing of Jeffrey H. Schervone, Esq., from the U.S. Small Business Administration; and upon the appearance of Shanna M. Kaminski, Esq., of Kaminski Law PLLC on behalf of multiple creditors; and upon the appearance of Fred Stevens, Esq., and Thomas Slome, Esq., as interested parties; and upon the September Evidentiary Hearing

having been held before this Court, the record of which is incorporated herein by reference; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing, as more fully set forth in the Memorandum Decision read into the record at the September Evidentiary Hearing, which is incorporated herein by reference; therefore, it is

**ORDERED**, that the Motion is granted to the extent set forth in this Order and for the reasons set forth in the Memorandum Decision read into the record; and, it is further

**ORDERED**, that cause exists under Bankruptcy Code § 1112(b) warranting conversion of the Debtor's case; and, it is further

**ORDERED**, that this Chapter 11 case is converted to one under Chapter 7 case; and, it is further

**ORDERED**, that the United States Trustee is directed to appoint a trustee to serve in the bankruptcy case; and, it is further

**ORDERED**, in accordance with Bankruptcy Rule 1019(5)(A), the Debtor shall, not less than 14 days after conversion of its case, file a schedule of unpaid debts incurred after filing the petition and before conversion of the case, including the name and address of each holder of a claim; and not later than 30 days after conversion of the case, file and transmit to the United States Trustee a final report and account; and, it is further

Case 1-22-40304-jmm    Doc 210    Filed 09/29/22    Entered 09/30/22 15:53:43

**ORDERED**, that this Court may retain jurisdiction to hear and determine all matters arising from the implementation of this Order.



Dated: September 29, 2022  
Brooklyn, New York

Jil Mazer-Marino  
United States Bankruptcy Judge