UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                           :        Chapter 7
                                                                :
JAR 259 FOOD CORP.,                                             :        Case No. 22-40304-jmm
                                                                :
                        Debtor.                                 :
-----------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made by and between Yann Geron (the "Trustee"), as chapter 7 trustee of the bankruptcy estate of Jar 259 Food Corp. (the "Debtor"), the above-captioned debtor, and White and Williams LLP ("W&W") (together the Trustee and W&W are referred to as the "Parties").

## RECITALS

### I.    THE BANKRUPTCY CASE

A.    On February 18, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") [DE 1].

B.    The Debtor elected to proceed under Subchapter V of Chapter 11. Therefore, no official committee of unsecured creditors was appointed or established in this case.

C.    On February 22, 2022, the United States Trustee filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the Debtor's case [DE 3].

D.    The Debtor continued to operate its business and manage its property as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 from the Petition Date until September 29,

1

2022 when the Bankruptcy Court entered the Order Granting Motion to Convert Case to Chapter 7 (the "Conversion Order")[1] [DE 210].

E.      On October 3, 2022, Yann Geron was appointed the Chapter 7 Trustee of the Debtor's estate [DE 211].

## II.    THE PROPOSED RETENTION OF W&W

F.      Prior to the Petition Date, on or about January 25, 2022, the Debtor and certain affiliates (OM Vegetable Corp., Inc., A&S Vegetables, Inc., Ameet Properties, LLC, 3350 Kaur Farms, Inc., Kaur Farms, Inc., VSL Farms, Inc., OM Liquors, Inc., Kuljit Kaur, and Amandeep Singh) entered into a retention agreement pursuant to which W&W was retained for the purpose of filing and prosecuting a Subchapter V bankruptcy proceeding on behalf of the clients and "assist in the negotiation and settlement of the Client's MCA debt" (the "Retention Agreement").

G.      W&W was paid a $200,000 retainer (the "Retainer") pursuant to the terms of the Retention Agreement.

H.      On March 3, 2022, the Debtor filed its application to retain W&W as its counsel in the Bankruptcy Case (the "W&W Retention Application") [DE 27].

I.      At a hearing on September 28, 2022, the Debtor withdrew the W&W Retention Application.

J.      On October 24, 2023, the Trustee demanded that W&W return the Retainer to the Debtor's estate. As a basis for this request, the Trustee asserted that the evidence indicates that the Retainer can be traced to proceeds of an SBA loan to the Debtor.

---

[1] The Conversion Order granted the Motion of The LCF Group, Inc. a/k/a Last Chance Funding Group, Inc., seeking the entry of an Order: (I) pursuant to sections 105(a) and 1112(b) of Title 11 of the United States Code and Rules 1017(f) and 9014 of the Federal Rules of Bankruptcy Procedure, converting the Debtor's case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code; and (II) granting such other and further relief as the Court deems just and proper [DE 81].

K.   W&W generally disputes the Trustee's claims.

L.   In an effort to avoid costly and protracted litigation, the Parties engaged in settlement negotiations. As a result of good-faith arms' length negotiations, the Parties have agreed to resolve the Trustee's claims against W&W on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

## AGREEMENT

1.   <u>Incorporation of Recitals</u>. The above recitals are incorporated herein and made part hereof in their entirety.

2.   <u>Bankruptcy Court Approval</u>. This Settlement Agreement and its terms are subject to approval by the Bankruptcy Court. Promptly following execution of this Settlement Agreement, the Trustee will file a motion seeking an order by the Bankruptcy Court approving the terms of this Settlement Agreement.

3.   <u>Effective Date</u>. This Settlement Agreement shall become fully effective upon entry of an order by the Bankruptcy Court approving this Settlement Agreement and the expiration of fifteen days with no appeal therefrom being filed or upon the expiration of any extended period by which an appeal must be filed from such order (the "<u>Effective Date</u>").

4.   <u>Settlement Payment</u>. Within five business days of the Effective Date, W&W shall pay $75,000 (the "<u>Settlement Payment</u>") to the Trustee by wire transfer, according to the wire instructions to be provided by the Trustee via secure email.

5.   <u>Default Provisions</u>. In the event that W&W fails to make payment on or before the due date as set forth in paragraph 4 above, the Trustee may declare W&W in default of this

Settlement Agreement. Under such circumstances, the Trustee shall email a notice of default to the W&W at the email address listed in the signature block. W&W shall have five business days from receipt of such notice within which to cure the payment default. In the event that the payment default is not cured, the Trustee shall be entitled to make a motion before the Bankruptcy Court by notice to W&W of a proposed order for the entry of judgment against W&W in an amount equal to the Settlement Payment.

6. <u>Limited Release by the Trustee and the Debtor's Estate of W&W</u>. Upon the Effective Date, the Trustee, on behalf of the Debtor and the Debtor's Estate (collectively, the "<u>Trustee Releasors</u>") waives, releases and forever discharges W&W, and each of its respective affiliates, subsidiaries, officers, directors, employees, agents, partners, attorneys, servants, heirs, executors, members, administrators, successors, and assigns (the "<u>W&W Releases</u>"), from any and all claims, debts, demands, damages and causes of action whatsoever that either of the Trustee Releasors may hold or otherwise could assert against the W&W Releasees relating to W&W's receipt of the Retainer. The limited waivers and releases provided herein do not apply to any of W&W's obligations under the terms of this Settlement Agreement and claims for breach of this Settlement Agreement.

7. <u>Limited Release by W&W of the Trustee and the Debtor's Estate</u>. Upon the Effective Date, W&W on its own behalf, and on behalf of its past and present respective affiliates, subsidiaries, officers, directors, employees, agents, partners, attorneys, servants, heirs, executors, members, administrators, successors, and assigns of any of the preceding (collectively, the "<u>W&W Releasors</u>"), does hereby release, remise, and forever discharge the Trustee, the Debtor, the Debtor's bankruptcy estate, and each of the Trustee's employees, agents, professionals, and attorneys (collectively, the "<u>Trustee Releasees</u>"), from any and all claims, debts, demands,

4

damages and causes of action whatsoever that either of the W&W Releasors may hold or otherwise could assert against the Trustee Releasees relating to W&W's receipt of the Retainer. The limited waivers and releases provided herein do not apply to any of the Trustee's obligations under the terms of this Settlement Agreement and claims for breach of this Settlement Agreement.

8. <u>Entire Agreement/No Oral Modification</u>. This Settlement Agreement constitutes the entire agreement between the Parties with respect to its subject matter and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof. There are no other covenants, promises, agreements, conditions or understandings, either oral or written, express or implied, between the Parties, except for this Settlement Agreement with respect to its subject matter. The terms of this Settlement Agreement are contractual and not merely recitals. This Settlement Agreement may not be modified, amended, altered, changed or waived, except in writing and duly executed by all Parties and, to the extent necessary, upon Bankruptcy Court approval.

9. <u>No Admission of Liability.</u> This Settlement Agreement is the result of a compromised settlement of disputed claims and defenses and is not and shall not be construed as an admission or concession of responsibility, liability, or any wrongdoing on the part of any Party.

10. <u>Representation by the Parties</u>. The Parties acknowledge that they are entering into this Settlement Agreement knowingly and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

11. <u>Authority of Signatories</u>. The Parties hereby warrant and represent that the individuals signing this Settlement Agreement on their behalf are duly authorized, have the requisite authority, and have taken all actions necessary, to execute and deliver this Settlement Agreement on behalf of the respective Party.

12. <u>Successors and Assigns/Binding Effect</u>. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

13. <u>Non-Reliance and Construction</u>. The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other Party. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

14. <u>No Waiver</u>. No failure or delay by either Party in exercising any right, power, or privilege under this Settlement Agreement or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

15. <u>Severability</u>. The invalidity, illegality, or unenforceability of any provision of this Settlement Agreement shall not affect any other provision of this Settlement Agreement, which Settlement Agreement shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

16. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, each of which shall constitute an original, and all of which shall constitute a single and identical agreement. It shall not be necessary, in making proof of this Settlement Agreement,

to produce or account for more than one complete set of counterparts. Any signature delivered by a party via e-mail or telecopier transmission shall be deemed an original signature hereto.

17. <u>Jurisdiction and Governing Law</u>. **THE PARTIES AGREE THAT THE BANKRUPTCY COURT (AS DEFINED ABOVE) SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY DISPUTES REGARDING THE INTERPRETATION OR ENFORCEMENT OF THE TERMS OF THIS SETTLEMENT AGREEMENT. THIS SETTLEMENT AGREEMENT SHALL BE INTERPRETED UNDER THE SUBSTANTIVE LAW OF THE STATE OF NEW YORK, WITHOUT REGARD FOR THAT STATE'S CHOICE OF LAW OR CONFLICTS OF LAW PROVISIONS.**

| | |
|---|---|
| Dated: New York, New York<br>December 28, 2023 | Dated: New York, New York<br>December 28, 2023 |
| **WHITE AND WILLIAMS LLC** | **GERON LEGAL ADVISORS, LLC**<br>*Attorneys for Yann Geron, Chapter 7 Trustee* |
| By: *[signature]*<br>Shane Heskin, Esq.<br>7 Times Square, Suite 2900<br>New York, New York 10036<br>(646) 837-5791<br>heskins@whiteandwilliams.com | By: *[signature]*<br>Yann Geron, Esq.<br>Jeannette Litos, Esq.<br>Nicole N. Santucci, Esq.<br>370 Lexington Avenue, Suite 1101<br>New York, NY 10017<br>(646) 560-3224<br>ygeron@geronlegaladvisors.com<br>jlitos@geronlegaladvisors.com<br>nsantucci@geronlegaladvisors.com |